IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00314-FL

| | | |
|---|---|---|
| ALPHONSO SCOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 17, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 23), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed an objection to the M&R and defendant filed a response. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules plaintiff's objection and adopts the recommendation of the magistrate judge.

**BACKGROUND**

On September 12, 2014, plaintiff filed an application for supplemental social security income, alleging disability beginning January 2, 2005. The application was denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who after hearing held January 28, 2016, denied plaintiff's claims by decision dated March 8, 2016. The

Appeals Council denied plaintiff's request for review on August 2, 2016, leaving the ALJ's decision as defendant's final decision. On September 7, 2016, plaintiff initiated the instant action, seeking review of defendant's decision.

## DISCUSSION

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C.

2

2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(B)(1).

## COURT'S DISCUSSION

In this case, plaintiff objects to the magistrate judge's determination that the ALJ was not required to evaluate plaintiff's prior disability finding. Plaintiff contends that the ALJ's decision to discount the wight of the prior favorable decision is not based on substantial evidence, and therefore cannot be upheld. In lodging his objection, plaintiff restates, without substantive elaboration, and in some respects verbatim, arguments advanced in his motion for judgment on the pleadings. (See DE 18, p. 7–8). Upon careful review of the record, the court finds that the

3

magistrate judge already has addressed the arguments raised by plaintiff in his objections, and plaintiff raises no new issues for the court's discussion. The magistrate judge thoroughly addressed plaintiff's arguments in the M&R, wherein he analyzes the ALJ's decision to afford little weight to the prior disability finding. (See DE 23, p. 6–7). Accordingly, the court adopts as its own the magistrate judge's discussion concerning the ALJ's treatment of plaintiff's prior disability finding.

**CONCLUSION**

Upon de novo review of those portions of the M&R to which specific objections have been made, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge. The court DENIES plaintiff's motion for judgment on the pleadings (DE 17), GRANTS defendant's motion for judgment on the pleadings (DE 21), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge